```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                    CHARLOTTE DIVISION
                     3:09CV305-MU-02
```

| | |
|---|---|
| **ALBERT JOHNSON, III,** )<br>    **Plaintiff,** )<br>)<br>    v. )<br>)<br>**JAMES PENDERGRAPH, Former** )<br>  **Sheriff of Mecklenburg** )<br>  **County,** )<br>    **Defendant.** )<br>_____) | |

**THIS MATTER** comes before the Court on review of Plaintiff's civil rights Complaint, filed July 24, 2009.

By his Complaint, Plaintiff alleges that at some point in 2003, while he was an inmate at the Mecklenburg County Jail, he slipped and fell on a wet floor and injured his back. Plaintiff further alleges that following his fall, he was treated with pain medication by the Jail medical staff; and that when the pain failed to subside, he was scheduled for an appointment with a neurologist. However, Plaintiff reports that before the day that his appointment came, he was sentenced and transferred to a prison facility. At some later point, it was "discovered" that he had a back injury which required a spinal infusion.

In addition, Plaintiff's Complaint reports the three years of difficulties which he allegedly experienced in attempting to have his back problem addressed at other correctional

institutions.  Nevertheless, Plaintiff is seeking hundreds of thousands of dollars in damages from Defendant Pendergraph on the theory that he never would have been injured had there been signs to warn of the wet floor.

Notwithstanding his beliefs to the contrary, however, it is clear that Plaintiff cannot prevail on this claim.  First, to the extent that Plaintiff is alleging that he was injured due to negligence, the law is clear that mere negligence does not give rise to a constitutional claim for relief under 42 U.S.C. § 1983.  See Estelle v. Gamble, 429 U.S. 97, 105-06 (1976); and Johnson v. Quinones, 145 F.3d 164, 168 (4th Cir. 1998).

Second, Plaintiff's allegations fail to disclose any other basis for a cause of action.  To the contrary, Plaintiff's allegations tend to establish that the medical staff at the Mecklenburg County Jail was attentive to his complaints in initially treating his condition with pain medication, and then scheduling an appointment for him with a specialist.  Thus, the delay in Plaintiff's treatment was occasioned by his transfer to another facility, not due to any indifference or other misconduct on the part of the staff.  To put it simply, even if Plaintiff's allegations are not barred by the applicable three year statute of limitations -- which question is debatable, he still cannot state a constitutional claim for relief on these allegations.

**NOW, THEREFORE, IT IS ORDERED THAT** Plaintiff's Complaint

must be dismissed, ultimately for his failure to state a constitutional claim for relief.  28 U.S.C. 1915A(b)(1).

**SO ORDERED.**

Signed: July 27, 2009

Graham C. Mullen
United States District Judge